GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By: SAMUEL DOLINGER
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2677
E-mail: samuel.dolinger@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>                -v-<br><br>JOHN K. GLAISTER,<br><br>                              Defendant. | 20 Civ. 3583<br><br>**COMPLAINT** |

Plaintiff the United States of America (the "United States"), by its attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, brings this civil action against Defendant John K. Glaister ("John Glaister" or "Defendant") under the Bank Secrecy Act ("BSA"), 31 U.S.C. § 5311 *et seq.*, and alleges upon information and belief as follows:

### INTRODUCTION

1.      Congress passed the BSA to facilitate and monitor compliance with currency regulation and tax laws.  As part of this function, the BSA combats tax evasion and abusive tax schemes using offshore bank accounts, particularly in jurisdictions with bank secrecy laws that may hinder the enforcement of U.S. law.

2.      From 2009 to 2011, John Glaister had a financial interest in an account at National Westminster Bank plc, also known as NatWest ("NatWest") in the United Kingdom.

3. During the period at issue, John Glaister's account at NatWest held a maximum balance exceeding £127,000, which was the equivalent of more than $200,000.

4. After examination, the Internal Revenue Service ("IRS") concluded that John Glaister willfully failed to disclose his interest in a foreign account to U.S. authorities by filing the required report of foreign financial accounts commonly known as the "FBAR."

5. In 2018, the IRS assessed penalties against John Glaister totaling $121,669, for his willful violation of the FBAR disclosure requirement as to his account at NatWest for calendar years 2009 through 2011.

6. The United States brings this suit to collect the unpaid civil penalties assessed against John Glaister for his willful failure to report his financial interests in foreign financial accounts in calendar years 2009 to 2011, as required by 31 U.S.C. § 5314 and its implementing regulations.

## JURISDICTION AND VENUE

7. The United States brings this suit under 31 U.S.C. § 3711(g)(4)(C) and 31 U.S.C. § 5321(b)(2), at the direction of the Attorney General of the United States and at the request of, and with the authorization of, the Commissioner of the IRS, a delegate of the Secretary of the Treasury of the United States.

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345, and 1355 because it arises under a federal statute, the action seeks the recovery of a civil penalty, and the United States is the plaintiff.

9. Venue is proper in this district under 28 U.S.C. § 1391(b), because Defendant resides in this district and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## REGULATORY BACKGROUND

10. Section 5314 of Title 31 of the U.S. Code authorizes the Secretary of the Treasury to require United States persons to report certain transactions with foreign financial agencies. Under the statute's implementing regulations, "[e]ach United States person having a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country," is required to report that interest for "each year in which such relationship exists." 31 C.F.R. § 1010.350(a).[1]

11. The regulations define a U.S. person as a citizen of the United States or a resident alien, which includes any lawful permanent resident or any person meeting the substantial presence test under 26 U.S.C. § 7701(b)(3). *See* 31 C.F.R. § 1010.350(b).

12. To fulfill the reporting requirement described above, a U.S. person was required to file a Form TD F 90-22.1, Report of Foreign Bank and Financial Accounts, also known as an "FBAR," or any successor form,[2] by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(d); *see also Crawford v. U.S. Dep't of Treasury*, 868 F.3d 438, 450 (6th Cir. 2017) ("[FBAR] [r]eporting is required for accounts held during the previous calendar year if 'the aggregate value of all foreign financial accounts exceeded $10,000 at any time during the calendar year reported.'").

13. Section 5321(a)(5) of Title 31 authorizes the imposition of civil penalties for willful failure to comply with the reporting requirements of § 5314. Specifically,

---

[1] The regulations under 31 U.S.C. § 5314 were amended and renumbered in February 2011. *See* 76 Fed. Reg. 10,234 (Feb. 24, 2011); *see also* 31 C.F.R. §§ 103.24, 103.27 (2008).

[2] As of 2013, Form TD F 90-22.1 was replaced with FinCEN Form 114 as the required form for filing an FBAR.

§ 5321(a)(5)(C) provides for a maximum penalty for a willful violation of up to the greater of $100,000 or 50% of the balance in the account at the time of the violation.

14. The penalty set forth under 31 U.S.C. § 5321(a)(5)(C), if not timely paid, is subject to interest and further penalties pursuant to 31 U.S.C. § 3717.

## FACTUAL BACKGROUND

15. At the relevant times, John Glaister was a permanent resident of the United States, having held that status since 1999. John Glaister later became a naturalized citizen of the United States.

16. From 2009 to 2011, John Glaister was a U.S. person and resided in New York.

17. John Glaister, jointly with his spouse Sarah E. Glaister (together, the "Glaisters"), filed untimely U.S. tax returns for tax years 2009, 2010, and 2011. While some of those returns disclosed that the Glaisters had interests in foreign accounts in France, they omitted the fact that John Glaister also had an interest in a foreign account in the United Kingdom during the same period.

18. During calendar years 2009 through 2011, John Glaister resided at 115 Hibernia Road, Salt Point, New York, in Dutchess County.

**A.  John Glaister's Account at NatWest in the United Kingdom**

19. In calendar years 2009, 2010, and 2011, John Glaister had a financial interest in, or signature or other authority over, an account at NatWest in the United Kingdom bearing number XXXX2961 (the "NatWest Account").

20. The NatWest Account was a bank, securities, or other financial account in a foreign country.

21. John Glaister's NatWest statements were addressed to "Mr. J K Glaister, c/o Estreich Co, 7 Penn Plaza, Suite 512, New York [sic] 10001, U.S.A."

22. John Glaister is a professional real estate consultant with foreign clients, including in Germany and Scotland.

23. During the relevant time, John Glaister regularly used the NatWest Account to make purchases, including from establishments and vendors within the United States; to write checks; and to make cash withdrawals, including within the United States. John Glaister also used the NatWest Account to deposit funds that appear to be from income earned abroad, which he did not report on his U.S. tax returns.

### i. Calendar Year 2009

24. The balance of the NatWest Account exceeded $10,000 in 2009.

25. On June 30, 2009, the balance of the NatWest Account was £5,980.82, or approximately $9,572.[3] The 2009 year-end balance of the NatWest Account was £27,495.24, or approximately $44,609.

26. The due date for filing an FBAR for calendar year 2009 was June 30, 2010. John Glaister failed to file an FBAR to report his interest in the NatWest Account for calendar year 2009 by the deadline. Accordingly, John Glaister failed to timely disclose the NatWest Account for calendar year 2009, as required by 31 U.S.C. § 5314.

27. John Glaister's failure to file an FBAR for the NatWest Account for calendar year 2009 was willful within the meaning of 31 U.S.C. § 5321(a)(5).

---

[3] Currency conversions for the NatWest Account were performed using historical rates available at https://www.xe.com/currencytables.

### ii. Calendar Year 2010

28. The balance of the NatWest Account exceeded $10,000 in 2010.

29. On June 30, 2010, the balance of the NatWest Account was £63,851.25, or approximately $97,521. The 2010 year-end balance of the NatWest Account was £30,353.44, or approximately $47,360.

30. The due date for filing an FBAR for calendar year 2010 was June 30, 2011. John Glaister failed to file an FBAR to report his interest in the NatWest Account for calendar year 2010 by the deadline. Accordingly, John Glaister failed to timely disclose the NatWest Account for calendar year 2010, as required by 31 U.S.C. § 5314.

31. John Glaister's failure to file an FBAR for the NatWest Account for calendar year 2010 was willful within the meaning of 31 U.S.C. § 5321(a)(5).

### iii. Calendar Year 2011

32. The balance of the NatWest Account exceeded $10,000 in 2011.

33. On June 30, 2011, the balance of the NatWest Account was £127,137.74, or approximately $204,235. The 2011 year-end balance of the NatWest Account was £102,016.90, or approximately $158,366.

34. The due date for filing an FBAR for calendar year 2011 was June 30, 2012. John Glaister failed to file an FBAR to report his interest in the NatWest Account for calendar year 2011 by the deadline. Accordingly, John Glaister failed to timely disclose the NatWest Account for calendar year 2011, as required by 31 U.S.C. § 5314.

35. John Glaister's failure to file an FBAR for the NatWest Account for calendar year 2011 was willful within the meaning of 31 U.S.C. § 5321(a)(5).

**B.     John Glaister Filed Materially Inaccurate or Incomplete Tax Returns**

36.     Between 2013 and 2015, John and Sarah Glaister jointly filed late tax returns for tax years 2009, 2010, and 2011.  In those returns, the Glaisters responded affirmatively to a question asking whether they had an interest in or signature authority over a financial account in a foreign country.  However, for 2009, the relevant country was omitted, and for 2010 and 2011, the only country listed was France.

37.     The 2011 return included the question, "are you required to file Form TD F 90-22.1 to report that financial interest or signatory authority?" and directed the filer to the FBAR form and its instructions.  The Glaisters responded "No."

38.     Thus, despite this express inquiry on the tax return, John Glaister failed to disclose that he also had an interest in the NatWest Account in the United Kingdom.  Moreover, John Glaister failed to file timely FBARs to disclose his interest in the NatWest Account for calendar years 2009 to 2011.

39.     In January 2012, the Glaisters' accountant, Mehernosh Motashaw, sent them a letter alerting them that "those with assets abroad" were required to file, *inter alia*, the "Foreign Bank Account Report (Form 90-22.1)."  Despite this, however, John Glaister did not submit timely FBARs disclosing the NatWest Account.[4]

---

[4] John Glaister's spouse, Sarah Glaister, filed untimely FBARs disclosing one account at Le Crédit Lyonnais ("LCL") in France during calendar years 2006 through 2008; in 2013, Sarah Glaister filed an untimely FBAR disclosing one account at LCL during calendar year 2009; and in 2015, Sarah Glaister filed an FBAR disclosing her interest in several accounts at LCL Banque et Assurance in calendar year 2014.

**C.      Examination and Assessment of Civil Penalties**

40.     On March 28, 2017, John Glaister's representative agreed in writing to extend the time within which the IRS may assess an FBAR penalty for each of calendar years 2009 and 2010 until June 30, 2018.

41.     In 2017, the IRS requested information via summonses under 26 U.S.C. § 7602 from the Glaisters and from their tax preparer, Mehernosh Motashaw, regarding, *inter alia*, the Glaisters' foreign accounts.  The Glaisters failed or refused to comply in full.  In May 2018, the United States petitioned the Court to compel their compliance, and in July 2018, Judge Paul A. Engelmayer entered orders overruling the Glaisters' and Motashaw's objections and compelling their compliance, in substantial part.  *See* Order, *United States v. Glaister*, 18 Misc. 213 (PAE) [ECF No. 18] (S.D.N.Y. filed July 11, 2018); Order, *United States v. Motashaw*, 18 Misc. 212 (PAE) [ECF No. 15] (S.D.N.Y. filed July 11, 2018).

42.     On April 24, 2018, the IRS proposed penalties against John Glaister for willful failure to file FBARs with respect to the NatWest Account.

43.     On May 8, 2018, the IRS assessed penalties totaling $121,669 against John Glaister for his willful failure to disclose the NatWest Account by filing timely FBARs from 2009 to 2011.

44.     Specifically, the IRS assessed a penalty of $22,207 for John Glaister's willful failure to disclose the NatWest Account by filing an FBAR in 2009; a penalty of $77,086 for his willful failure to disclose the NatWest Account by filing an FBAR in 2010; and a penalty of $22,376 for his willful failure to disclose the NatWest Account by filing an FBAR in 2011.

45.     On May 15, 2018, the IRS sent John Glaister a demand for payment of the FBAR penalties assessed against him.  John Glaister has not paid the assessed amount.

46. Since the date on which the IRS assessed FBAR penalties against John Glaister, interest and additional penalties have accrued, and continue to accrue, pursuant to 31 U.S.C. § 3717(a)-(e).

## CLAIM FOR RELIEF
### Judgment for Civil Penalties Against John K. Glaister, 31 U.S.C. § 5321(a)(5)

47. The allegations in paragraphs 1 through 46 are repeated and realleged as though set forth fully herein.

48. The United States seeks to collect the FBAR penalties that the IRS assessed against John Glaister on May 8, 2018, plus interest and additional penalties that have accrued and continue to accrue as provided by law.

49. John Glaister owes the United States the FBAR penalties totaling $121,669, consisting of the penalty of $22,207 for willful failure to disclose the NatWest Account in 2009; the penalty of $77,086 for willful failure to disclose the NatWest Account in 2010; and the penalty of $22,376 for willful failure to disclose the NatWest Account in 2011; plus associated penalties and interest pursuant to 31 U.S.C. § 3717, which continue to accrue, less any amounts collected.

50. The United States may bring suit to recover the FBAR penalties assessed under 31 U.S.C. § 5321(a) at any time before the end of the 2-year period beginning on the date the FBAR penalties were assessed.  31 U.S.C. § 5321(b)(2)(A).  This action is brought within the 2-year limitations period.

## RELIEF REQUESTED

WHEREFORE, Plaintiff the United States of America respectfully requests that the Court enter judgment:

(a)     awarding the United States the amount of the FBAR penalties assessed against John Glaister totaling $121,669, plus interest and additional penalties as allowed by law from May 8, 2018, to the date of payment; and

(b)     granting the United States its costs incurred in connection with this action, along with such further relief as the Court may deem just and proper.

Dated:    May 7, 2020
          New York, New York

>                    GEOFFREY S. BERMAN
>                    United States Attorney for the
>                    Southern District of New York
>
> By:     /s/ Samuel Dolinger
>         SAMUEL DOLINGER
>         Assistant United States Attorney
>         86 Chambers Street, 3rd Floor
>         New York, New York 10007
>         Tel.: (212) 637-2677
>         E-mail: samuel.dolinger@usdoj.gov